KEARNEY v. ALEXANDER.

(Supreme Court, Appellate Term.   June 28, 1899.)

APPEAL—CONFLICTING EVIDENCE.
    Where defendant's testimony that plaintiff first refused to perform the contract sued on is corroborated by his brother and a disinterested witness, testimony to the contrary of plaintiff alone does not justify a finding for plaintiff.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by John B. Kearney against Robert Alexander. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

G. A. C. Barnett, for appellant.

Walter L. McCorkle, for respondent.

FREEDMAN, P. J. On the 27th day of August, 1898, the parties to this action signed a writing, in which it was stated, in substance, that the plaintiff had placed with the firm of Strong & Cadwalder an application for a loan of $10,000 at $4\frac{1}{2}$ per cent. interest for three or five years upon the property of the defendant, and that the commission to be paid the plaintiff for obtaining the loan was to be the sum of $150. Thereafter the plaintiff, claiming that Strong & Cadwalder had accepted such offer, and were ready and willing to loan the money as agreed upon, and that he had notified the defendant to that effect, who thereupon refused to accept it, and who stated that he (defendant) had obtained the loan elsewhere, brought this action to recover his said commissions, and obtained a judgment in the court below for amount above stated. The defendant testifies that about September 12, 1898, and before the defendant had obtained the loan, the plaintiff came to defendant's place of business, and stated to defendant that he (plaintiff) was greatly disappointed, as he had been unable to obtain the loan. It appears from the testimony that a heated controversy then took place between the parties, each threatening to bring a suit for damages, and that finally the plaintiff peremptorily refused to obtain the loan unless he was paid the sum of $50 more than was agreed upon in the writing signed by the parties above referred to. This testimony given by the defendant was fully corroborated by two of his employés, by the brother of the defendant, and by one Frank Boyce, who appears to be a disinterested witness, all of whom testified that they were present, and heard the conversation between the parties. The plaintiff admitted upon his cross-examination that he went to defendant's shop at the time stated, that his business there was to see if the defendant "would not allow him more on the contract," and that he could not recollect what was said at the time, although he denied that he insisted on $50 more for performing the contract on his part. The evidence so clearly preponderates in favor of the contention of the defendant that the judgment should be reversed.

Judgment reversed, new trial ordered, with costs to the appellant to abide the event. All concur.